F I L E D
CLERK OF COURT

2025 FEB 17 PM 1: 25

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

STERLING ALIKA CRISOSTOMO,
*aka* **Sterling**
DOB: 08/23/1976

Defendant.

) CRIMINAL CASE NO. CF0556-24
) GPD Report No. 24-18070/24-18037
)
)
)
)
) **DECISION & ORDER**
) **RE. MOTION FOR LEAVE OF COURT**
) **TO REQUEST FOR A SECOND**
) **FORENSIC EVALUATION AND FOR A**
) **SEPARATE PSYCHIATRIC**
) **EVALUATION**
)
)
)

This matter came before the Honorable Alberto E. Tolentino on December 17, 2024, for a Motion Hearing. Defendant Sterling Alika Crisostomo ("Defendant") was present with counsel Public Defender Renita Taimanao-Munoz. Assistant Attorney General Matthew Wermager was present for the People of Guam ("People"). Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefs, oral arguments, and the applicable law, the court now issues this Decision and Order **GRANTING** the Defendant's Motion for Leave of Court to Request for a Second Forensic Evaluation and for a Separate Psychiatric Evaluation.

## BACKGROUND

On August 13, 2024, Defendant Crisostomo was charged via Indictment for the following offenses: (1) BURGLARY (As a 2nd Degree Felony); (2) POSSESSION OF A SCHEDULE II

CONTROLLED SUBSTANCE (As a 3rd Degree Felony); (3) CRIMINAL TRESPASS (As a Misdemeanor); and (4) ATTEMPTED THEFT OF PROPERTY (As a Misdemeanor). *See* Indictment (Aug. 13, 2024). The Defendant pled Not Guilty by Reason of Mental Illness, Disease, or Defect ("NGRI") at his Arraignment Hearing on August 22, 2024. *See generally* Arraignment H'rg Mins. at 2:48:13PM (Aug. 22, 2024). The court subsequently ordered a Forensic Evaluation the following day. *See* Order (Aug. 23, 2024).[1]

Upon the matter's return to this court, Dr. Juan Rapadas filed his Forensic Evaluation of Defendant Crisostomo on September 13, 2024. The court held a Competency Hearing on October 3, 2024, where Dr. Rapadas testified about his findings contained in the Forensic Evaluation. After hearing Dr. Rapadas's testimony, the Defendant stated his intent to request a second forensic evaluation, which he did on October 14, 2024, through a Motion for Leave of Court to Request for a Second Forensic Evaluation and for a Separate Psychiatric Evaluation ("Motion"). The court then scheduled the matter for a Motion Hearing on December 17, 2024. During this Motion Hearing, the court heard arguments on the Motion. Despite no opposition being filed, the People stated that they did not object to the Motion. The court took the matter under advisement at the end of the hearing.

## DISCUSSION

Under 8 GCA § 65.45, the court may allow a party to file a motion beyond the time limit previously set by the court. When permitting such a request, the court balances its ability to control its docket with the defendant's right to prepare a defense. *See Ungar v. Sarafite*, 376 U.S. 575, 590 (1964). While there is no mechanical test to determine how arbitrary a denial of a

---

[1] At this time, the Honorable Alberto E. Tolentino had no jurisdiction pending the resolution of the People's Statement of Objection. So, the Honorable Jonathan R. Quan issued the Order for Forensic Evaluation.

continuance is, the court looks to "the circumstances present in every case, particularly in the reasons presented to the trial judge." *Id.* at 589.

In this case, Defendant Crisostomo indicated that Dr. Rapadas was unaware that the Burglary charge was brought before a Grand Jury and refiled via Indictment. *See* Def.'s Mot. at 4 (Oct. 14, 2024). Because of this, the Defendant believes that a second forensic evaluation is necessary to determine whether he lacked substantial capacity for this case, with respect to the first charge of Burglary (As a 2nd Degree Felony). *Id.* He further reasoned that a second forensic evaluation, conducted by another qualified psychiatrist, is necessary due to an alleged disparity between Dr. Rapadas's findings in *this* case and his findings on the Defendant's other criminal matters, in regards to his competency.[2] *Id.* at 3 (Oct. 14, 2024). In addition, he believed that a separate psychiatric evaluation was necessary based on Dr. Rapadas's previous testimony that the Defendant would likely benefit from medication for his conditions. *Id.*

Based on the circumstances over the Defendant's forensic evaluation above, the court finds that a second forensic evaluation and separate psychiatric evaluation could aid his preparation of an NGRI defense. Therefore, the court will allow the Defendant leave to file such motion.

\\

\\

\\

\\

\\

\\

---

[2]The Defendant stated that the following matters were referred to Mental Health Court after Dr. Rapadas previously determined that the Defendant lacked substantial capacity: CF0440-19, CM0502-19, CF0013-20, and CF0187-20.

## CONCLUSION

For the reasons stated above, the court **GRANTS** the Defendant's Motion for Leave of Court to Request a Second Forensic Evaluation and for a Separate Psychiatric Evaluation. The court further **ORDERS** the following Briefing Schedule upon the parties:

- The Defendant's Motion for a Second Forensic Evaluation and for a Separate Psychiatric Evaluation is due by **Close of Business on March 3, 2025.**

- The People's Opposition or Response is due by **Close of Business on March 17, 2025.**

- The Defendant's Reply is due by **Close of Business on March 31, 2025.**

A Further Proceedings is scheduled before this court on February 26, 2025, at 10:30AM.

**SO ORDERED** this _____FEB 17 2025_____.



_____
**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

_AG , POSC_

Date: _2/17/25_ Time: _2:46pm_

_Antonio R. C__
Deputy Clerk, Superior Court of Guam